UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMY H., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-6047-SKV <br><br> ORDER AFFIRMING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record ("AR"), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

BACKGROUND

Plaintiff was born in 1984, has an 11th-grade education, and has worked as a photographer, waitress, and customer service representative. AR 40, 264. Plaintiff was last gainfully employed in December 2015. AR 264.

In April 2018, Plaintiff applied for benefits, alleging disability as of October 1, 2010. AR 214-27. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff

requested a hearing.  AR 149-55, 157-64.  After the ALJ conducted a hearing in February 2020 (AR 34-66), the ALJ issued a decision finding Plaintiff not disabled.  AR 15-28.

### THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

**Step two**: Plaintiff had the following severe impairments prior to the date last insured ("DLI"): degenerative disc disease of the lumbar spine with mild scoliosis and spinal syrinx.  After the DLI, she was also diagnosed with post-traumatic stress disorder, unspecified anxiety disorder, and status post microdiscectomy at L4-5.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC")**: Plaintiff can perform light work with additional limitations: she can lift/carry 20 pounds occasionally and 10 pounds frequently.  She can sit for 6-8 hours and stand/walk for 6-8 hours.  She can occasionally climb ramps and stairs, but never ropes, ladders, or scaffolds.  She can occasionally stoop, crouch, crawl, and kneel.  She can do simple, routine 1-3-step tasks with a reasoning level of 1-2.  She can have occasional superficial contact with the public, and no teamwork with co-workers.  She should avoid concentrated exposure to extreme cold, vibration, and hazards.  She can change positions between sitting and standing in 30-60-minute intervals with flexibility to sit up to 50% of the workday (four of eight hours).

**Step four**: Plaintiff has no past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 15-28.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-6.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 1.

//

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

# LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

# DISCUSSION

Plaintiff argues the ALJ erred in assessing the Plaintiff's allegations, the lay statements, and the medical opinion evidence. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

**A.     The ALJ Did Not Harmfully Err in Assessing Plaintiff's Allegations**

The ALJ summarized Plaintiff's subjective allegations and explained that she discounted them because (1) the record does not corroborate Plaintiff's allegation of disabling pain dating back to 2010 in light of her largely normal physical examinations, (2) the new symptoms Plaintiff developed in August 2019 were resolved with surgery, (3) Plaintiff's mental examination findings were largely normal, and (4) Plaintiff's physical and mental activities are inconsistent with the limitations she alleges. AR 20-25.

Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). The Court will address the sufficiency of each of the ALJ's reasons in turn.

*1.     Normal Physical Examinations*

The ALJ summarized Plaintiff's medical records and noted that many of her physical examinations contained many normal findings, despite her complaints of pain. AR 20-23. Although this reason cannot solely support the ALJ's assessment of Plaintiff's allegations, the ALJ did not err in considering the extent to which the objective physical findings corroborated Plaintiff's allegations of disabling limitations, in addition to the inconsistencies identified as to Plaintiff's physical therapy notes and activities, discussed *infra*. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). The ALJ did devote many pages of the decision to summarizing the medical evidence, and although Plaintiff argues that this summary "is not a credibility analysis" (Dkt. 18 at 14), at the outset the ALJ explained her interpretation of the objective medical evidence: "Overall,

[Plaintiff's] pain does not severely limit her per the many physical examinations in the record, which were largely within normal limits." AR 20.  This conclusion explains the import of the normal examination findings summarized by the ALJ, and Plaintiff has not shown that the ALJ erred in considering them in her assessment of Plaintiff's allegations.

### 2. *Improvement with 2019 Surgery*

The ALJ noted that in August 2019, Plaintiff began experiencing right leg numbness, tingling, and weakness, and that she underwent a right L4-5 laminoforaminotomy and microdiscectomy.  AR 23.  The ALJ cited medical records showing that Plaintiff reported that her back pain had mostly resolved post-surgery, and found these reports to be inconsistent with Plaintiff's hearing testimony that she continued to experience debilitating back pain.  AR 23, 52-53 (hearing testimony).

Plaintiff argues that her physical therapy notes corroborate her reports of residual back pain even post-surgery, such that even if her pain improved somewhat, she was still limited.  Dkt. 18 at 14.  There are only a few weeks' worth of physical therapy notes post-surgery in the record, and they consistently mention improved but not entirely resolved back pain.  AR 765, 767-68, 770.  The post-surgery physical therapy notes are inconsistent with Plaintiff's hearing testimony that the surgery did not resolve any of her back pain, and, in any event, are not necessarily inconsistent with the exertional limitations contained in the RFC limitations.  AR 50-53.  For these reasons, the Court finds that Plaintiff has not shown error in the ALJ's reliance on Plaintiff's improvement post-surgery as a reason to discount her allegations of disabling limitations.

//

//

### 3. *Normal Mental Examinations*

The ALJ pointed to many normal mental findings and limited mental health treatment as evidence that failed to support Plaintiff's allegations of disabling mental limitations. *See* AR 23-24. Plaintiff has not challenged this line of reasoning. Although this reason may not alone support the ALJ's assessment of Plaintiff's allegations, Plaintiff has not shown that the ALJ erred in considering the extent to which her allegations of disabling mental limitations were corroborated by the record.

### 4. *Activities*

The ALJ listed several physical and social activities that she found to be inconsistent with Plaintiff's allegations. Some of these activities are not reasonably inconsistent with Plaintiff's allegations (such as getting a tattoo, or her limited work history in the years preceding her alleged onset date[3]), but the ALJ reasonably contrasted Plaintiff's complaints of limited ability to walk, stand, and sit with Plaintiff's demonstrated ability to take Zumba classes, complete household chores, shop, and cook meals. AR 25, 44-45, 424, 446, 656. The ALJ also reasonably contrasted Plaintiff's social activities with her allegation of problems interacting with her family and friends due to concentration and focus problems. *See* AR 24, 54. Although Plaintiff emphasizes that her pain limited her ability to complete the activities the ALJ described (Dkt. 18 at 16), the ALJ did not reject all allegations of pain and the RFC assessment includes many physical and mental restrictions to account for Plaintiff's deficits. Plaintiff has not shown that the ALJ erred in finding many of Plaintiff's activities to be inconsistent with the most extreme limitations she alleged, or in discounting her allegations to some degree on that basis.

---

[3] Any error in the ALJ's findings as to Plaintiff's activities is harmless, given that at least some of the activities identified by the ALJ are reasonably inconsistent with some of Plaintiff's allegations. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1162-63 (9th Cir. 2008).

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 6

*See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

### B. The ALJ Did Not Harmfully Err as to the Lay Statements

The record contains several statements written by Plaintiff's friends. AR 284-94, 323-34. The ALJ declined to provide any assessment of these statements, citing new regulations. AR 26. The Commissioner argues that any error in the ALJ's failure to provide germane reasons to discount the lay statements is harmless because the lay witnesses described the same limitations that Plaintiff did, and the ALJ's reasons to discount Plaintiff's allegations therefore apply equally to the lay statements. Dkt. 22 at 9-10.

Plaintiff contends that the lay statements are not exactly the same as her own testimony (Dkt. 23 at 7-8), but has not identified any discrepancies. Plaintiff highlights the lay witnesses' description of helping Plaintiff with a variety of activities; Plaintiff described this same help at the hearing. *See* AR 43-47, 49. Plaintiff has not shown that the lay statements differed from her own testimony to the degree that the ALJ's assessment of her statements would not apply to the lay statements. Accordingly, the Court finds that the ALJ's error in failing to explicitly assess the lay statements is harmless. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony")).

//

//

**C.     The ALJ Did Not Harmfully Err in Assessing the Medical Opinion Evidence**

Plaintiff challenges the ALJ's assessment of opinions written by examining physician W. Daniel Davenport, M.D.; examining psychologist Wendy Hartinger, Psy.D.; and treating physician Gail Conway, D.O.  The Court will address each disputed opinion in turn.

*1.     Legal Standards*

In assessing Plaintiff's 2018 applications for benefits, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported by and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c) 416.920c(a)-(c).

The Commissioner argues that the regulations promulgated in 2017 changed the legal standards previously articulated by the U.S. Court of Appeals for the Ninth Circuit.  *See* Dkt. 22 at 10-12.  Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific and legitimate" reasons to reject a contradicted opinion from such doctor.  *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).  The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standards for the review of medical opinions.  It is not, in any event, clear that the Court's consideration of the adequacy of an ALJ's reasoning under the new regulations would differ in any significant respect.  The new regulations still require ALJs to explain their reasoning with specific reference to how they considered the supportability and consistency factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must remain legitimate.  *See Thomas S. v. Comm'r of Social Sec.*, No. C20-5083 RAJ, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020).  The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th

Cir. 2020). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

### 2. Dr. Davenport

Dr. Davenport examined Plaintiff in November 2016 and wrote a narrative report describing her symptoms and limitations. AR 445-49. The ALJ characterized Dr. Davenport's physical examination results as "unremarkable" and noted that Dr. Davenport limited Plaintiff to lifting/carrying at the light exertional level, "but limited standing/walking and sitting in combination to less than 8 hours." AR 25. Dr. Davenport also limited Plaintiff to performing manipulative activities 2-4 hours per day. AR 449.

The ALJ found Dr. Davenport's opinion to be unpersuasive "based on the benign and unremarkable physical examination and the claimant's reported daily activities. The claimant's complaints, on which this opinion appears to be primarily based, are out of proportion with the objective evidence." AR 25-26. The ALJ also found Dr. Davenport's opinion as to Plaintiff's ability to perform manipulative activities to be out of proportion with Plaintiff's "mild" neck, shoulder, and back pain. AR 25.

Plaintiff correctly notes that neither she nor Dr. Davenport described Plaintiff's pain as "mild." *See* Dkt. 18 at 5. Thus, the ALJ's characterization of Plaintiff's pain is not supported by substantial evidence. This error is harmless, however, because the ALJ reasonably characterized Dr. Davenport's objective findings as unremarkable: Dr. Davenport recorded largely normal findings as to strength, range of motion, coordination, and sensation. AR 447-48. Dr. Davenport attributed the limitations he described to Plaintiff's subjective reports of pain, which the ALJ properly discounted as discussed *supra*. AR 448-49. The ALJ did not err in finding that Dr. Davenport's conclusions as to Plaintiff's functional abilities were inconsistent with the normal

objective findings, or in discounting the opinion on that basis. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (rejecting physician's opinion due to discrepancy or contradiction between opinion and the physician's own notes or observations is "a permissible determination within the ALJ's province"). This is a valid reason to discount Dr. Davenport's opinion, rendering harmless any error in the ALJ's failure to identify any activities inconsistent with the limitations described in Dr. Davenport's opinion.

Because the ALJ provided at least one legally sufficient reason to discount Dr. Davenport's opinion, the Court affirms the ALJ's assessment of this opinion.

      3.  *Dr. Hartinger*

Dr. Hartinger examined Plaintiff in April 2018 and completed a DSHS opinion describing her symptoms and limitations. AR 655-59. Dr. Hartinger rated most of Plaintiff's limitations as none/mild, with three limitations rising to the level of moderate. AR 657. The ALJ found Dr. Hartinger's opinion to be persuasive because it was consistent with her own normal mental status examination as well as other normal mental status examinations in the record, and consistent with Plaintiff's activities and minimal mental health treatment. AR 26.

Plaintiff argues that although the ALJ purported to credit Dr. Hartinger's opinion, the RFC assessment does not account for the moderate limitations Dr. Hartinger indicated. Dkt. 18 at 7. Plaintiff has failed to show, however, that the ALJ's RFC assessment is inconsistent with any of the moderate limitations Dr. Hartinger indicated: the ALJ's RFC assessment restricts Plaintiff to simple, routine, 1-3-step tasks requiring level 1-2 reasoning, with only superficial public contact and no teamwork. AR 19. These limitations are reasonably consistent with the

moderate attendance, persistence, and communication limitations that Dr. Hartinger described. *See* AR 657. Because Plaintiff has not shown that the ALJ's RFC fails to fully account for Dr. Hartinger's credited opinion, Plaintiff has not met her burden to show error in the ALJ's assessment of Dr. Hartinger's opinion. *See Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) ("the ALJ did not need to provide 'clear and convincing reasons' for rejecting [a treating doctor's] report because the ALJ did not reject any of [his] conclusions").

          4.     Dr. Conway

Dr. Conway completed form opinions describing Plaintiff's ability to work in August 2017 and February 2018. AR 634-36, 707-09. Dr. Conway indicated that Plaintiff could perform sedentary work 1-10 hours per week. *Id*. Dr. Conway recommended that Plaintiff try physical therapy, injections, or consult with a neurosurgeon. AR 635.

The ALJ found Dr. Conway's opinions to be unpersuasive because Plaintiff's condition was found to not warrant surgery and Plaintiff received very little physical therapy. AR 26. The ALJ also found Dr. Conway's opinions to be inconsistent with Plaintiff's "adequate" daily activities, "unremarkable" physical examinations, and the lack of evidence of neurological involvement. *Id*.

The Court agrees with Plaintiff that the ALJ erred to the extent she discounted Dr. Conway's opinions in light of Plaintiff's lack of surgery and/or physical therapy (Dkt. 18 at 8-10), but finds that the normal physical examinations (with no evidence of neurological involvement) referenced by the ALJ are inconsistent with Dr. Conway's opinions indicating disabling limitations. As discussed *supra*, Dr. Davenport's physical examination findings were largely normal and the ALJ summarized other normal physical examination findings in the decision. AR 20-23 (citing *inter alia* AR 341-42, 392-93, 474, 716, 720-21, 745, 763, 861).

Moreover, Plaintiff has not pointed to any abnormal physical examination findings that would corroborate Dr. Conway's opinions. The Court finds that the ALJ reasonably found Dr. Conway's opinions to be inconsistent with the many normal physical examination findings in the record, and did not err in discounting the opinions on this basis. *See Tommasetti*, 533 F.3d at 1041.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 10th day of September, 2021.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge